IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERSONAL PAC, an Illinois not for profit corporation, MARCENA W. LOVE, GRACE ALLEN NEWTON, <br><br>    Plaintiffs, <br><br>    v. <br><br>WILLIAM M. MCGUFFAGE, Chairman of the Illinois State Board of Elections; JESSE R. SMART, Vice Chairman of the Illinois State Board of Elections; HAROLD D. BYERS, Member of the Illinois State Board of Elections; BETTY J. COFFRIN, Member of the Illinois State Board of Elections; ERNEST L. GOWEN, Member of the Illinois State Board of Elections; JUDITH C. RICE, Member of the Illinois State Board of Elections; BRYAN A. SCHNEIDER, Member of the Illinois State Board of Elections; and CHARLES W. SCHOLZ, Member of the Illinois State Board of Elections, all in their official capacities, <br><br>    Defendants. | Judge Marvin E. Aspen <br> Magistrate Judge Sheila Finnegan <br><br> No. 12 CV 1043 |

## UNOPPOSED MOTION FOR ENTRY OF STIPULATED ORDER AND CONSENT JUDGMENT

Plaintiffs Personal PAC, Marcena W. Love, and Grace Allen Newton (collectively, "Plaintiffs"), by their attorneys, move this Court pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure to approve the parties' proposed settlement of attorneys' fees and nontaxable costs in the above-captioned case. In

addition, the parties' proposed settlement includes taxable costs sought by the Plaintiffs on April 3, 2012. *See* Dkt. # 41. Plaintiffs have attached a proposed Consent Order, reflecting the terms of the parties' settlement. *See* Ex. A ("Stipulated Order and Consent Judgment").

In further support of this Motion, the parties state as follows:

1. On February 14, 2012, Plaintiffs commenced this case by filing a complaint for declaratory and injunctive relief against Defendants McGuffage, Smart, Byers, Coffrin, Gowen, Rice, Schneider, and Scholz ("Action"). At the same time, Plaintiffs also filed a motion for a preliminary injunction, or, in the alternative, for expedited permanent injunctive relief, requesting that the Court enjoin Defendants from enforcing both: (a) 10 ILCS 5/9-8.5(d), as applied to funds raised, maintained, and spent for the purpose of independent expenditures; and (b) the prohibition, contained in 10 ILCS 5/9-2(d), against the establishment or maintenance of more than one political action committee ("PAC"), by any natural person, trust, partnership, committee, association, corporation, or other organization or group of persons, to the extent it prohibits the formation of an additional PAC created solely with funds raised, maintained, and spent solely for the purpose of independent expenditures.

2. On March 13, 2012, the Court issued a Memorandum Opinion and Order, granting Plaintiffs' motion for expedited permanent injunctive relief. Dkt. #39. Specifically, the Court ordered that "Defendants not enforce the contribution limits set forth in the first sentence of 10 ILCS 5/9-8.5(d), as applied to

contributions to any independent-expenditure-only PACS." The Court further ordered that "Defendants not enforce the prohibition against the establishment or maintenance of more than one PAC contained in the first sentence of 10 ILCS 5/9-2(d), as applied to the establishment or maintenance of independent-expenditure-only PACs." Memorandum Opinion & Order at 13, Dkt. #39.

3. The Court entered judgment on March 13, 2012. Dkt. 40. Defendants did not appeal that judgment.

4. Plaintiffs are "prevailing parties" entitled to attorneys' fees and nontaxable costs under 42 U.S.C. § 1988. In addition, Plaintiffs are entitled to taxable costs and, as a result, filed a bill of costs in the amount of $350 on April 3, 2012; Dkt. 41.

5. The parties have reached a settlement of the Plaintiffs' claim for attorneys' fees and costs in this case and have memorialized their agreement in the attached Stipulated Order and Consent Judgment. Ex. A.

6. Plaintiffs ask the Court to enter the Stipulated Order and Consent Judgment and retain jurisdiction for the sole purpose of enforcing the terms of the Order. *See Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

7. On June 18, 2012, Defendants' counsel informed Plaintiffs' counsel that Defendants do not oppose this motion.

WHEREFORE, for the reasons stated herein, the Plaintiffs ask this Court to enter the Order attached hereto as Exhibit A.

Dated: June 19, 2012

                              Respectfully Submitted,

                              /s/ Juliet Berger-White

Matthew J. Piers
Joshua Karsh
Juliet Berger-White
HUGHES SOCOL PIERS
 RESNICK & DYM, LTD.
70 W. Madison, Suite 4000
Chicago, IL 60602
312.580.0100

4